OPINION OF THE COURT
Paul L. Klein, J.
This holdover summary proceeding first appeared on my calendar in late July, at which time I conducted an informal conference with counsel. Respondent’s attorney requested dismissal of the proceeding on jurisdictional grounds — to wit: failure to set forth in the notice of petition any reason for the termination.
Petitioner’s attorney urged the view that the notice was sufficient under the specific circumstances at bar — namely, a building operated by a tenant association under a lease with the City of New York, which has taken ownership over.[1] All that is required, petitioner argues, is notification that the city *614 is the owner and petitioner the lessee; that the city has given permission to the petitioner to commence suit; that the apartment is free from rent regulation; and that the tenant’s monthly lease has expired. (These averments do appear in the notice of termination and are repeated in the petition.)[2]
I indicated my belief that the respondent’s motion was well grounded, but invited written submissions. Upon receiving petitioner’s papers, respondent’s counsel advised me he would rest upon them. "They” turned out to be a proposed order, reciting the facts (as perceived by petitioner’s attorney), but decreeing dismissal of the proceeding, thus setting the stage for early appellate review.
I find it appropriate, however, to flesh out the issue somewhat.
Boiled down to its essential ingredient, the petitioner asserts the right to terminate tenancies at will, since city takeover ipso facto wipes out such rent regulation protections as the right to renewal. I believe this position is ill-founded.
While the tenants have been stripped of their rent-control and rent-stabilized blankets, they retain their pajamas.
The city as landlord is subject to due process limitations imposed upon government in general. The tenant’s interest in continued occupancy has vested as a right, whether she moved in originally under the private predecessor landlord or after the city had taken over. (Goldberg v Kelly, 397 US 254, 262-263; Escalera v New York City Hous. Auth., 425 F2d 853, 861, cert denied 400 US 853.)
For our purposes, there is no discernable difference between a building operated by a public housing authority and one operated by a tenant association under designation by the municipality. Nor would it matter if the TIL goal of complete turnover to the tenants had occurred.[3]
Would due process permit respondent’s eviction because the tenant association voted disapproval of her taste in window curtains? Or because her daughter failed to hit in an inter-building ball game? Surely not.
An arbitrary reason is no less objectionable when not articulated. Government must deal fairly with the governed. It *615 cannot evict at whim. Neither can its designee — with or without municipal permission.
The predicate for this holdover summary proceeding being a proper notice of termination, the petition is dismissed for lack of subject matter jurisdiction. The issue appearing to be one of first impression, the dismissal is without costs.

. The building has been placed in the Tenant Interim Lease (TIL) program, which contemplates management by the tenants until a certain degree of financial stability is achieved, at which time actual ownership (at below market rates) is turned over to them.

. The notice mentions a written lease with the city. Neither party has submitted a copy, nor discussed whether the petitioner complied with all lease requirements.

. From petitioner’s perspective, this might be termed a bitter dictum.